IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-187-FL

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY; ASSURANCE COMPANY OF AMERICA; FIRST FINANCIAL INSURANCE COMPANY; FIRST MERCURY INSURANCE COMPANY; G.R. HAMMONDS, INC.; HARTFORD FIRE INSURANCE COMPANY; and, FIRST MERCURY EMERALD INSURANCE SERVICES, INC., <br><br> Defendants. | ORDER |

This matter comes before the court on motion of defendants Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford") to stay or dismiss, filed December 14, 2011 (DE # 43). Plaintiff Harleysville Mutual Insurance Company ("plaintiff" or "Harleysville") responded in opposition on January 27, 2012, and Hartford replied February 13, 2012. Accordingly, the issues raised are ripe for adjudication. For the following reasons, Hartford's motion is DENIED.

**STATEMENT OF THE CASE**

On November 17, 2011, plaintiff filed amended complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Plaintiff seeks a declaratory judgment

concerning the rights, obligations, and liabilities of the parties under certain policies of liability insurance with respect to damages which have arisen as a result of three construction projects: (1) a multi-family residential property commonly known as Ashley Knoll Apartments, located in Charleston, South Carolina ("Ashley Knoll Apartments"); (2) a multi-family residential property commonly known as Southampton Pointe located in Mount Pleasant, South Carolina ("Southampton Pointe"); and (3) the Vista Cove condominium project located in St. Augustine, Florida ("Vista Cove").

First Financial Insurance Company ("First Financial") and Assurance Company of America ("Assurance Company") each filed answer to the amended complaint on December 7, 2011. G.R. Hammonds, Inc. a/k/a G.R. Hammonds Roofing, Inc. a/k/a Hammonds Roofing ("G.R. Hammonds"), the insured, answered on December 9, 2011, and First Mercury Insurance Company ("First Mercury") answered on February 28, 2012. Further, on April 3, 2012, plaintiff filed notice of dismissal as to defendant First Mercury Emerald Insurance Services, Inc.

Defendant Hartford filed the instant motion to dismiss on December 14, 2011. Hartford asks the court to either stay or dismiss this action, where Hartford filed a related action in South Carolina state court on September 21, 2012, which action Harleysville removed to the United States District Court for the District of South Carolina. Hartford contends that the "first-filed" rule is inapplicable in this case and further argues that the balance of convenience favors resolution in South Carolina of the disputed issues.

**STATEMENT OF FACTS**

Plaintiff alleges as follows in its amended complaint. Defendant G.R. Hammonds, at all times pertinent to this action, was engaged in construction and performed the roofing work as a

2

subcontractor during the original construction of the buildings at Ashley Knoll Apartments, Southampton Pointe, and Vista Cove.

Defendant Hartford issued to G.R. Hammonds commercial general liability policies with coverage periods from May 17, 1995, ultimately through February 10, 2002. Subsequently, G.R. Hammonds was insured by Assurance from October 28, 2001 through October 28, 2002, First Financial from October 28, 2002 through October 28, 2003, Harleysville from October 28, 2003 through October 28, 2006, and First Mercury from October 28, 2006 through October 28, 2009.

A.   Underlying Concord West Lawsuit

G.R Hammonds performed roofing work as a subcontractor on Ashley Knoll Apartments between early 1998 and March 21, 2001, at which date original construction was completed.[1] In 2005, Ashley Knoll was purchased by a group of developers who converted at least a portion of the apartments to condominiums, renaming these units Concord West of the Ashley Condominiums. G.R Hammonds was not involved in the conversion.

On or about August 13, 2010, Concord West of the Ashley Homeowners' Association, along with numerous individual homeowners, filed suit against G.R. Hammonds in the Court of Common Pleas, County of Charleston, South Carolina (the "Underlying Concord West Lawsuit"). The plaintiffs asserted against G.R. Hammonds claims of negligence and breach of implied warranties. G.R. Hammonds made a claim for liability coverage with Hartford, Assurance, First Financial, Harleysville, and First Mercury, as a result of the claims asserted against it in the Underlying Concord West Lawsuit.

---

[1] Harleysville describes the Ashley Knoll Apartments as follows: "Ashley Knoll Apartments was originally constructed as a residential apartment complex containing four hundred eight (408) rental units and various amenity buildings." Am. Compl. ¶ XVII.

Harleysville and Hartford inform in their memoranda that a settlement of all claims against G.R. Hammonds in the Underlying Concord West Lawsuit was reached on or about September 1, 2011. Harleysville, Hartford, and Assurance agreed to settle the suit on behalf of G.R. Hammonds by each paying one third of a $1,000,000 settlement. The insurers further agreed to later resolve issues of allocation and trigger.

B.  Underlying Southampton Pointe Lawsuits

G.R. Hammonds installed the roof and related flashings on the Southampton Pointe buildings between 1998 and 1999, when the buildings were originally constructed.[2] On or about June 29, 2010, the Southampton Pointe Property Owners Association, Inc. filed a Second Amended Complaint in the Circuit Court for the Ninth Judicial Circuit, County of Charleston, South Carolina. Similarly, on or about July 6, 2010, several owners of Southampton Pointe condominiums brought a class action suit in the same court (collectively, the "Underlying Southampton Pointe Lawsuits"). Although multiple defendants were named in the suits, the plaintiffs in each asserted against G.R. Hammonds claims of negligence, breach of various warranties, and unfair trade practice.

Harleysville and Hartford inform in memoranda that a settlement of all claims against G.R. Hammonds was reached in the Underlying Southampton Pointe Lawsuits on or about November 11, 2011, with Hartford, Assurance, and First Mercury agreeing to pay a $450,000 settlement on behalf of G.R. Hammonds. See Pl.'s Resp. 5, Def. Hartford's Mem. n. 6.[3]

---

[2] Harleysville informs in its amended complaint that "Southampton Pointe is a multi-family residential property consisting of 240 apartment units which was constructed by TC Residential Contractors Limited Partnership in 1998 and 1999. Southampton Pointe was purchased by Southampton Pointe Tarragon, LLC in June 2005, which limited liability company converted Southampton Pointe from apartments to condominiums in September 2005." Am. Complaint ¶ XXVII.

[3] The parties now inform, however, in their Rule 26(f) joint report and plan, that "[a] settlement in principle has also been reached in the Southampton Pointe lawsuit between the Plaintiffs and Hammonds, although there are still
(continued...)

4

C.     Underlying Vista Cove Lawsuit

The Vista Cove condominiums were constructed in multiple phases, apparently between 1999 and 2004, yielding approximately three hundred total residential units. Again, G.R. Hammonds provided roofing and other services for at least a portion of the construction as a subcontractor with general contractors Vercon Construction, Inc. ("Vercon"), and Landsouth Construction, LLC ("Landsouth").

On or about January 14, 2009, Vista Cove Condominium Association filed a complaint in the Circuit Court for the Seventh Judicial Circuit in and for St. Johns County, Florida, naming as defendants Vercon and Landsouth, among others, and seeking recovery for alleged construction defects. Landsouth and Vercon filed third-party complaints against G.R. Hammonds on October 27, 2009 and April 15, 2010, respectively. Finally, on February 11, 2011, the Vista Cove Condominium Association moved to file amended complaint in order to assert direct causes of action against G.R. Hammonds.

The parties inform in their Rule 26(f) joint report that the Vista Cove lawsuit has settled, with Harleysville agreeing to pay $105,000, and First Financial and Assurance agreeing to pay a combined total of $105,000, all on behalf of G.R. Hammonds.

---

[3](...continued)
some cross-claims against Hammonds by some non-settling defendants, and so the defense of Hammonds is ongoing in the Southampton Pointe lawsuit at this time."

# DISCUSSION

A.     Declaratory Judgment Act

Harleysville brings this action pursuant to the Declaratory Judgment Act, which provides in relevant part:

> "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a).

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). "[A] declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (internal quotation marks omitted). An actual controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pac. Coal & Oil. Co., 312 U.S. 270, 273 (1941).

Plaintiff seeks a declaratory judgment adjudging the relative rights and obligations of the parties under their respective policies of liability insurance as to the Underlying Concord West, Southampton Pointe, and Vista Cove Lawsuits. Where the parties inform that the Underlying Concord West and Vista Cove Lawsuits have settled, and the Southampton Pointe Lawsuits have reached settlement in principle, the court finds that this declaratory judgment action would clarify

6

and settle certain legal relations between the parties, and is therefore appropriate.

B.     First-Filed Rule

However, Hartford contends that the court should dismiss plaintiff's claims for declaratory judgment and maintains that these issues should instead be resolved in South Carolina state court, where Hartford filed suit on September 21, 2011. For the reasons discussed below, Hartford's request is DENIED.

The Fourth Circuit adheres to the "first-filed rule," which holds that when similar lawsuits are filed in multiple fora, "'the first suit should have priority' absent the showing of balance of convenience in favor of the second action." Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594-95 (4th Cir. 2004) (quoting Ellicott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974)). Multiple lawsuits are subject to the first-filed rule if "the same factual issues" provide the basis for each suit. Allied-Gen. Nuclear Serv's v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982). Other district courts in the Fourth Circuit have applied a three-factor test for determining whether multiple cases are subject to the first-filed rule, considering "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarities of the issues being raised." Family Dollar Stores, Inc. v. Overseas Direct Imp. Co., Ltd., 3:10-CV-278, 2011 WL 148264, at *1-2 (W.D.N.C. Jan. 18, 2011) (citing Remington Arms. Co., Inc. v. Alliant Techsystems, Inc., 2004 WL 444574, at *2 (M.D.N.C. Feb. 25, 2004)).

Here, with reference to the above factors, the court determines that the first-filed rule is applicable. Complaint in this case was filed September 6, 2011, about two weeks before Hartford initiated the South Carolina action, on September 21, 2011. The parties to the two actions are nearly

7

identical. Further, the issues raised in each are similar. Plaintiff seeks declaratory judgment adjudging and declaring the rights and responsibilities of the insurer parties under their respective policies of liability insurance as to the Underlying Concord West, Southampton Pointe, and Vista Cove Lawsuits. Hartford, in the South Carolina action, requests judgment declaring each insurer's share of the $1 million settlement of the Underlying Concord West Lawsuit, and further requests equitable contribution for any amount it paid in excess of its share. Based on the timing, party, and issue similarities, the first-filed rule, absent some exception, will apply.

C.   Exceptions to the First-Filed Rule

   1.   Balance of Convenience

Hartford contends, however, that the balance of convenience supports dismissing this action in favor of the South Carolina suit. The Fourth Circuit "recognizes an exception to the first-filed rule when the balance of convenience favors the second action." Learning Network, Inc v. Discovery Communications, Inc., 11 F. App'x 297, 302 (4th Cir. 2001) (citing Ellicott, 502 F.2d at 180 n. 2). In determining which action is favored by the balance of convenience, other courts in this circuit have considered the following eleven factors: (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) access to evidence; (4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses; (5) the possibility of a view by the jury; (6) the enforceability of a judgment; (7) the relative advantages and obstacles to a fair trial; (8) practical issues affecting trial expediency and efficiency; (9) the relative court congestion between the districts; (10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of conflict of laws. See US Airways, Inc. v. US

Airline Pilots Ass'n, 3:11-CV-371-RJC-DCK, 2011 WL 3627698, at *3 (W.D.N.C. Aug. 17, 2011).

Here, the balance of convenience favors this court. Plaintiff chose to file in the Eastern District of North Carolina. According to the amended complaint, the insured, G.R. Hammonds, is both incorporated in North Carolina and has its principal place of business there. All of the relevant insurance policies were issued to G.R. Hammonds in North Carolina. Of the insurers, only First Financial has its principal place of business in North Carolina. But no insurer is incorporated in or has its principal place of business in South Carolina.

While both the Ashley Knoll Apartments and Southampton Pointe are located in South Carolina, this alone does not tip the balance in favor of resolution in South Carolina, particularly where the third complex, Vista Cove, is in Florida. Because the insured, G.R. Hammonds, resides in North Carolina and because the relevant insurance policies were issued to the insured in North Carolina, the balance of convenience favors this court.

2.      "Special Circumstances"

Next, Hartford contends that plaintiff engaged in improper "procedural fencing" when it "raced to the courthouse" to file this declaratory judgment action. As Hartford acknowledges in its memorandum, the "Fourth Circuit has not stated explicitly that special circumstances may warrant an exception to the first-filed rule." Learning Network, 11 F. App'x at 301, n.2. Nonetheless, Hartford cites to several opinions of district courts in this circuit holding that it is improper for one party to file an anticipatory suit if on notice of the opposing party's intention to do the same. See, e.g., Family Dollar Stores, 2011 WL 148264, at *3 ("Furthermore, other courts have refused to apply the first-filed rule when the party that files first does so with notice that the other party is about to file suit"); Remington Arms Co., Inc. v. Alliant Techsystems, Inc., 1:03CV1051, 2004 WL 444574,

9

at *3 (M.D.N.C. Feb. 25, 2004) ("Other courts that have considered exceptions to the first-filed rule have, for example, refused to apply the first-filed rule when the party that files first does so with notice that the other party is about to file . . . This court agrees that an improper anticipatory filing is one of the 'special circumstances' that may indicate a departure from the first-filed rule is appropriate.").

Here, there is no indication that Hartford had notified Harleysville of its intention to file suit, either through provision of a courtesy copy of a complaint or some other form of communication. Rather, the three insurers involved in the Concord West settlement – Harleysville, Hartford, and Assurance – apparently were unable to reach an agreement as to a preferred means of determining the trigger and allocation of their respective insurance policies. Harleysville therefore filed suit in the Eastern District of North Carolina, which forum, as evidenced by the above balance-of-convenience analysis, is proper.

Where Harleysville filed suit first and no exception to the first-filed rule applies, this court finds no cause to stay or dismiss plaintiff's claim for declaratory judgment as to the parties' rights and obligations with respect to the Underlying Concord West, Southampton Pointe, and Vista Cove Lawsuits. Accordingly, Hartford's motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant Hartford's motion to dismiss or stay (DE # 43) is DENIED.

SO ORDERED, this the 18th day of May, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge

11