IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-187-FL

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| HARTFORD CASUALTY INSURANCE COMPANY et al., | ) ) ) |
| Defendants. | ) |

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

WHEREAS, this action involves coverage for various underlying actions against Defendant G.R. Hammonds, Inc. a/k/a G.R. Hammonds Roofing, Inc. a/k/a Hammonds Roofing ("Hammonds");

WHEREAS, the other Defendants and Plaintiff issued liability insurance policies to Hammonds;

WHEREAS, in discovery in this action the Parties have requested production of documents prepared in connection with the defense of the underlying actions, and communications between Hammonds, its defense counsel, and its liability insurers in the defense of the underlying actions; and

WHEREAS, such documents are subject to the attorney-client privilege and the work-product protection shared among Hammonds, its defense counsel, and its liability insurers; and

WHEREAS, the Parties have requested entry of this confidentiality order to clarify that, notwithstanding the adversarial posture of the present litigation, they may produce such materials in discovery in this case without breaching those privileges and protections;

Accordingly, it is this 27th day of _____March_____, 2014, by the United States District Court for the Eastern District of North Carolina, ORDERED:

1. **Designation of Discovery Materials as Confidential.** All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

  (a) For purposes of this Order, "CONFIDENTIAL MATERIAL" means discovery materials that have been designated confidential pursuant to this Order. A party may designate as CONFIDENTIAL MATERIAL any discovery material it reasonably and in good faith believes to contain proprietary, confidential, or personal information, including, but not limited to, claim-file materials, or any testimony or discovery responses containing information exchanged within the attorney-client privilege or the work product protection. The following matters, shall not, however, be deemed CONFIDENTIAL: (1) matters of public record, including but not limited to public filings in the underlying actions; (2) the insurance policies; and (3) communications between Hammonds and other parties in the underlying litigation.

  (b) Copies of documents or portions thereof may be designated as "CONFIDENTIAL" in any of the following ways.

(1) If the document is first produced after entry of this order, the producing party shall specifically mark the document or portion of document as "CONFIDENTIAL" at the time of production.

(2) If a party has produced a document before entry of this order, the producing party shall, within 30 days after entry of this order: (a) re-produce the document, specifically marked as "CONFIDENTIAL"; and (b) serve upon all parties a letter or other notice specifically identifying (including, if available, Bates numbers) the affected documents or portions of documents.

(3) Following production of a document that a receiving party believes to be the subject of a shared privilege or protection, the receiving party shall serve upon all parties a letter or other notice specifically identifying (including, if available, Bates numbers) the documents or portions of documents that the receiving party wishes to mark as "CONFIDENTIAL." Such designation shall occur within the later of: (a) 30 days after production of the document; or (b) 30 days after entry of this order. The producing party shall then re-produce the document, marked as "CONFIDENTIAL"; such re-production shall not waive any objection that the producing party may have regarding whether such a document is appropriately marked as "CONFIDENTIAL."

(c) CONFIDENTIAL information and documents shall not be used or disclosed by the parties or counsel for the parties or any persons identified

in subparagraph (c) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties to this lawsuit and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents or information to any other person or entity, except that disclosures may be made in connection with this lawsuit (including appeals) in the following circumstances:

    (1) Disclosure may be made to counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (2) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (3) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and

trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(4) Disclosure may be made to any reinsurer, regulator or auditor for any insurer that is a party to this Action, and for any other entity or individual that a party has a legal or contractual obligation to provide with such information;

(5) Disclosure may be made to deponents or witnesses in preparation for and during their examinations, if counsel for the preparing or examining party believes in good faith that they have a need to review such material;

(6) Disclosure may be made to persons interviewed by any party to the above-captioned action in connection with this action, if counsel for the interviewing party believes in good faith that they have a need to review such material. Prior to disclosure to any such person, the person must be informed of and. agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence;

(7) Disclosure may be made to any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services retained by two or more parties in connection with this litigation

**2.     Confidential Information Filed with Court.** To the extent that any CONFIDENTIAL documents or information (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court by appropriate electronic filing procedures in accordance with Local Rule 79.2 for the Eastern District of North Carolina and Section T of the CM/ECF Policy Manual to preserve confidentiality.

      (a)     Except as described in Paragraph 2(b), each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

      (1)     the exact document or item, or portions thereof, for which filing under seal is requested;

      (2)     how such request to seal overcomes the common law or the First Amendment presumption to access;

      (3)     the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

      (4)     the reasons why alternatives to sealing are inadequate; and

      (5)     whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of the Court's CM/ECF Policy Manual.

(b) In the event that a filing party seeks to file materials that have been designated CONFIDENTIAL by another party or individual, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2, with notice served on the party or individual who desires to maintain the materials under seal.

(1) The filing party is required to file a notice of filing pursuant to this subsection, in lieu of filing a motion to seal, which must be docketed after the filing of the sealed material and link back to the entry or entries being filed under seal. The filing party need not file a motion to seal or otherwise defend another party or individual's request that the material remain sealed and the filing of the materials under seal shall not be binding on the court.

(2) Within seven (7) days after service of such notice, the party or individual desiring that the material be maintained under seal shall file a motion to seal and supporting memorandum in accordance with Paragraph 2(a).

(3) Documents submitted under seal in accordance with this subsection will remain under seal pending the court's ruling on the motion to seal. If the party desiring that the information be maintained under seal does not timely file a motion to seal, then

the materials will be deemed unsealed, without further order of the court.

3. **Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party or destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding any of the foregoing, the Parties' counsel may retain any privileged attorney work product they have created which incorporates CONFIDENTIAL MATERIAL on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

4. **Non-Waiver of Privilege for Inadvertently Disclosed Materials.** Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

5. **Return of Inadvertently Disclosed Materials.** Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

6.     **Modification.**  The provisions of this Order may be modified by written agreement of the parties with the approval of the Court.

This  27th  day of               March    , 2014.

*/s/ Louise W. Flanagan*
_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

9
Case 7:11-cv-00187-FL   Document 106   Filed 03/27/14   Page 9 of 9